[Civil No. 2455.   Filed April 24, 1926.]

[245 Pac. 353.]

D. D. SMITH, Appellant, v. HARRY E. WADE, Appellee.

1. APPEAL AND ERROR.—Motion for leave to have record on appeal properly certified and to reinstate appeal is addressed to discretion of court.

2. APPEAL AND ERROR—ALTHOUGH SUPREME COURT WILL ORDINARILY ALLOW APPEAL RECORD TO BE COMPLETED BY PROPER CERTIFICATION, IT WILL NOT DO SO IF EFFECT WOULD BE TO DENY SUBSTANTIAL RIGHT TO OTHER PARTY.—Although ordinarily Supreme Court will allow appeal record not properly certified to be completed, yet, if effect of such course is to deny substantial right to other party, motion will not be granted.

3. APPEAL AND ERROR—MOTION TO REINSTATE APPEAL WILL BE DENIED, WHERE JURY'S VERDICT SHOWED APPELLEE HAD MERITORIOUS CASE ON DIFFERENT CAUSE OF ACTION, BUT NEW SUIT WOULD BE BARRED BY LIMITATIONS, AND DEFENDANT HAD LESSENED HIS ABILITY TO RESPOND IN DAMAGES.—Motion to have record certified and appeal reinstated will be denied, where special verdict for plaintiff, suing for assault, showed that he had meritorious cause of action for negligence, though not for assault, and new action would be barred by limitations, and defendant had by his voluntary act lessened his ability to respond in damages so that plaintiff's chance of actual recovery would be prejudiced.

See (1-3) 4 C. J., p. 485, n. 99 New, p. 609, n. 9, 10, p. 610, n. 18.

APPEAL from a judgment of the Superior Court of the County of Coconino. J. E. Jones, Judge. Motion to reinstate appeal denied.

Mr. C. B. Wilson, for Appellant.

Mr. X. N. Steeves, for Appellee.

PER CURIAM.—On February 26, 1926, we ordered the appeal in this case dismissed, for the reason that none of the papers purporting to compose the record were legally authenticated, but stated at the time that upon a proper application and showing in cases of this nature we would permit the record to be authenticated, if the appeal had been properly perfected otherwise, provided that by so doing no substantial right was lost to the opposing party, and it appeared that no injustice would result thereby.

Appellant has filed a motion for leave to have the records properly certified and to reinstate the appeal. Appellee objects thereto for various reasons. While, as we have stated, there is no legal record before us, since appellant's motion is for permission to certify the documents now on file and purporting to be the record, and appellee does not contend that these documents, if properly certified, would not constitute a true record, we will assume, for the purpose of this motion, that these papers are the record in the case.

It appears therefrom that appellee brought this action for personal injuries resulting to him from an alleged wilful, malicious and deliberate assault made on him by appellant. No allegation or suggestion of any action founded on the negligence of appellant appears in the pleadings. The court, however, submitted the case to the jury on the theory of a negligent and accidental injury as well as a wilful and malicious assault. The jury returned a verdict in favor of appellee in the sum of two thousand dollars "for carelessly handling a pistol which was accidentally discharged, and wounded the plaintiff Harry

E. Wade." Judgment was rendered thereon in favor of appellee.

It is apparent that the verdict returned by the jury was in effect a special one negativing the allegations of the complaint charging an assault, but affirmatively finding that appellant did carelessly and negligently wound appellee. We have only fragments of the evidence before us, and must assume that this finding of the jury was fully justified. It appears therefore from the record that appellee had a good cause of action against appellant, but the particular suit he brought set up a different legal issue. Such being the case, if the appeal is reinstated, we must necessarily find that the judgment was outside the issues, and either remand the case for a new trial, where, we must assume from the verdict of the jury, judgment will go against appellee because there was no assault, but only negligence on the part of appellant, or else we must render judgment in favor of appellant on the theory that the special verdict is binding and in effect a verdict for appellant on the particular issues of this case. Appellee's only right would then be to bring a new action based on negligence instead of assault.

But the record shows affirmatively, first, that as to such action appellant could successfully plead the statute of limitations, and, second, that, even if he waived the statute, he has by his voluntary act lessened materially his ability to respond in damages for any verdict which might hereafter be rendered against him. It is thus apparent that to allow the appeal to be reinstated would seriously and probably fatally prejudice the right of appellee to have determined what is on the face of this record a meritorious cause of action, and, even if he could have it passed on,

would prejudice his actual recovery under a favorable determination.

As we intimated in the original opinion, motions of this kind are addressed to the discretion of the court. While it is true we will ordinarily allow a technical error of this nature to be corrected, yet, if the effect of such correction is to deny a substantial right to the other party, we do not feel the motion should be granted, and, it appearing in this particular case that a reinstatement of the appeal would in effect deny appellee the right to present what on its face is a meritorious cause of action to a jury or to lessen the practical value of a verdict even should appellant waive the statute of limitations, we think the motion to reinstate the appeal should be denied. It is so ordered.